# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**STEVEN TODD AND PATTI TODD**                        **PLAINTIFFS**

**v.**                              **Civil Action No. 2:08cv269-KS-MTP**

**AMERICAN ALTERNATIVE INSURANCE**
**CORP.**                                            **DEFENDANT**

## ORDER

This matter is before the court on the Plaintiffs' Motion to Compel Production of Privilege Log [23]. Having considered the matter, the court finds that the motion should be granted as set forth below.

Plaintiffs correctly note that Rule 26.1(A)(1)(c) of the of the Uniform Local Rules for the Northern and Southern Districts of Mississippi requires any party asserting a privilege to submit a privilege log, and provides that failure to do so may subject the withholding party to sanctions. *See* Local Rule 26.1(A)(1)(c). Here, Defendant asserted privileges, did not submit a privilege log and did not respond with one when Plaintiffs notified it of the deficiency and attempted to obtain it short of a motion to compel. Approximately two weeks after Plaintiffs filed the instant motion to compel, Defendant filed a notice of service of privilege log. *See* Notice of Service [27]. Accordingly, Plaintiffs' request for the production of a privilege log may be moot. However, as Defendant did not respond to the motion and to avoid re-visiting any remaining issues which could have been addressed had Defendant responded, same will be granted.

Additionally, Plaintiffs request an award of sanctions and/or attorney's fees expended in bringing this issue before the court. Defendant did not respond to the motion or explain why it did not execute the good faith certificate tendered by Plaintiffs or provide the privilege log as required. Accordingly, this portion of the motion could also be granted as unopposed pursuant

to Local Rule 7.2(C)(2).  Moreover, Rule 37 of the Federal Rules of Civil Procedure provides as follows:

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. . . .

Fed. R. Civ. P. 37(a)(5)(A).

Before filing the instant motion, Plaintiffs attempted to obtain the privilege log in good faith without court action.  Defendant's failure to provide the log was not substantially justified.  Indeed, Defendant offers no justification at all.  No other circumstances have been identified or are otherwise apparent which would make an award of attorney's fees and expenses unjust.  Accordingly, the uncontested facts support such an award in accordance with Fed. R. Civ. P. 37 (a)(5)(A).

IT IS, THEREFORE, ORDERED:

1. Plaintiffs' Motion to Compel Production of Privilege Log [23] is granted.  If Defendant has not produced a complete privilege log, it shall do so on or before June 22, 2009.

2. Plaintiffs' request for attorney's fees and costs is granted.  On or before June 30, 2009, Plaintiffs shall submit an application to the court for their reasonable attorney's fees and costs associated with the Motion to Compel [23] along with any supporting documentation.  Defendant shall respond to the application by July 10, 2009.  Thereafter, the court will enter an order awarding any fees and costs found to be necessary and reasonable.

3. Plaintiffs' request for other sanctions or relief is denied.

SO ORDERED this 17th day of June, 2009.

                                                        s/ Michael T. Parker
                                                        United States Magistrate Judge